**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:20-Cr-60088-RUIZ**

**UNITED STATES OF AMERICA**

**v.**

**BRANDO AGUILERA**

**SENTENCING MEMORANDUM OF DEFENDANT AGUILERA REQUESTING SENTENCE OF PROBATION AND COMMUNITY SERVICE**

Defendant Brando Aguilera submits his Sentencing Memorandum in support of the imposition of a sentence of probation with community service and up to a 6-month term of home detention with work authorization. This requested sentence is consistent with the positions of the parties in view of the statutory sentencing factors, the defendant's full and candid acceptance of responsibility (DE26), his forthright cooperation with the United States in the investigation and prosecution of this offense, his complete payment of the forfeiture judgment (DE25), his pre-sentencing payment of the special assessment, his complete satisfaction of all provisions of his Plea Agreement (DE18), and his exemplary good works during the time of the Covid Pandemic.

## I.   CASE HISTORY

Brando Aguilera pled guilty on March 12, 2021 (DE14) to a Superseding Information (DE4) charging four (4) Counts of Money Structuring in violation of 31 U.S.C. §5324(a)(3). As the Stipulated Statements of Fact reflects (DE16), Mr. Aguilera assisted his relative in depositing and withdrawing the proceeds of his relative's bribery scheme. [1] The Pre-Sentence Investigation Report (PSI) (DE21) confirms Mr. Aguilera fully accepted responsibility for his conduct.

## II.   ADVISORY GUIDELINES CALCULATION

The Plea Agreement includes a joint recommendation that the applicable guidelines are a Level 10 [2] considering all relevant sentencing guidelines factors (DE18). [3] The PSI summarizes that agreement and recommends the same guidelines computation (DE21, ¶32). With a criminal history category of I, the guidelines imprisonment range is 6 to 12 months. Since the guideline range is in Zone B, the minimum term of imprisonment may be satisfied by

---

[1] Brian Bravo, a former Broward Health executive, was separately charged in *United States v. Bravo*, U.S.D.C. Case No. 20-Cr-60125-AHS, with Bribery Conspiracy (18 U.S.C. §317), Bribery (18 U.S.C. §666), Extortion (18 U.S.C. §1951), and Money Laundering (18 U.S.C. §1956(h)).
[2] The Level 12 Guideline is reduced by 2 Levels for acceptance of responsibility.
[3] Mr. Aguilera recognizes, as does the Plea Agreement, that this Court is not bound by the terms of plea agreement.

(1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment, §5C1.1(c).

Mr. Aguilera asks this Court sentence him to a period of probation with a community service component so he can continue to work and satisfy his obligations to the community in atoning for his offense conduct. The government does not oppose this request. Mr. Aguilera paid all required financial obligations with his payment in full of the special assessment and forfeiture.

### III.  NO OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

Mr. Aguilera does not object to the revised final PSI (DE21).

### IV.  SENTENCING CONSIDERATIONS

Consistent with the terms of the Plea Agreement and the PSI recommendation, Mr. Aguilera asks this Court to impose a Zone B sentence of probation with community service and home

confinement. An abundance of factors, including Mr. Aguilera's substantial assistance to the United States, warrants the requested sentence in the interests of justice. The requested sentence recognizes that Mr. Aguilera's admitted offense conduct involved assisting his relative's fraud scheme by utilizing his own commercial business bank account for structuring funds ($49,000.00) to go to the relative and avoid scrutiny of the relative's criminal conduct.

Through the assistance of government counsel in this and the forfeiture matter, Mr. Aguilera returned those funds in full ($49,000.00) to the United States in complete payment of the Forfeiture Judgment. Arranging payment of that money was difficult, but Mr. Aguilera knows it was the right thing to do. His continued employment enabled him to provide the necessary funds to arrange for the full payment of all amounts due to the United States.

The requested sentence is reasonable, appropriate, satisfies all relevant sentencing factors set out in 18 U.S.C. §3553(a), and is consistent with Mr. Aguilera's offense conduct, his full acceptance of responsibility, his cooperation to the United States in connection with this case, his full payment of the Order of Forfeiture, and his pre-sentencing payment of the special assessment. The requested

sentence is commensurate with similarly situated offenders who have accepted full and complete responsibility for their conduct. It does not in any way depreciate the seriousness of the offense conduct.

Mr. Aguilera has long been an active local businessman and community volunteer. As reflected in his PSI, he operates Computer Tech Services that provided copy supplies and service to Broward Health and other clients. Although that business was instrumental in his offense conduct, it is and was a legitimate enterprise that provided well-priced services to Broward Health and other local customers. Due to the Covid Pandemic, that business has been extremely slow as the need for copy services nearly disappeared. Mr. Aguilera is, however, optimistic that both the economy and his local service business are on the rebound.

Not content to limit his work activities to Computer Tech, Mr. Aguilera used the time of the pandemic to pursue another business named Jobocar that markets and sells plastic containers. This start-up business has significant potential due mainly to Mr. Aguilera's willingness to work nights and weekends to grow the company.

Mr Aguilera has also been working with his wife's business, Sunshine for Elders, in delivering prepared meals to the elderly

community during Covid. As a non-profit business, the company is largely volunteer driven by obtaining food from restaurants to provide to the needy elderly community in Broward County. Mr. Aguilera is reimbursed for his delivery expenses, and otherwise volunteers his time to assist the elderly population.

In keeping with community health and safety considerations, he is fully vaccinated and has encouraged others in his community to become vaccinated, continue using masks, and remain socially distant. This is important in his work with the elderly.

Mr. Aguilera, a United States Citizen, is a model for the hard-working immigrant who is desirous of improving his and his family's life, while giving back to the community. He deeply regrets his criminal conduct and tries every day by his positive actions to prove that his misdeeds are not who he truly is. He tries to be a force for good in the community, including his service to the elderly and his attentive involvement in his daughter's school. He is particularly interested in seeing that students and young children learn computer skills, including coding, as a means of opening paths and opportunities as adults. His drive to be successful and to give back to his community is in significant measure the product of growing up

in a foreign land with limited opportunities for those not born into the privileged class. As an immigrant American, Mr. Aguilera knows that hard work and an education will provide every child with the real ability to be a success in America and overcome any adversity.

The factors set forth in 18 U.S.C. §3553(a) provide positive guidance supporting the recommended sentence of probation with community service. That requested sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing — just punishment, deterrence, protection of the public, and rehabilitation of the defendant. *See Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011) ("a sentencing judge's overarching duty under §3553(a) [is] to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in §3553(a)(2)").

Mr. Aguilera deeply acknowledges his offending conduct. He is remorseful. This case constitutes significant punishment, including a diminution of his standing in the community. He lives a life focused on doing good works while adhering to the rules. Those are traits that have enabled Mr. Aguilera to succeed in business, in his community, and with his family. His loss of civil rights because of his guilty plea is perhaps his most devastating punishment, as he cannot now

exercise the cherished right to vote, the framework for democracy that makes the United States so different from his country of birth.

Based on the facts and circumstances of Mr. Aguilera's individual case and considering the factors enumerated in 18 U.S.C. §3553(a), the requested sentence is substantively reasonable and consistent with the PSI computations. The personal remarks of the friends and colleagues who have known and worked with Mr. Aquilera, presented in the letters submitted to the Court and the Probation Office, corroborate the reasonableness of the requested sentence, and are incorporated into this submission. The letters include family members, friends, and colleagues, all of whom speak well of Brando as a caring, compassionate, and trustworthy man.

### V.   COMMUNITY SERVICE COMPONENT

The requested sentence of probation includes a significant community service requirement, in an amount to be identified by the Court, but consistent with Mr. Aguilera's desire to continue his volunteer efforts to the community. He suggests a contribution of 100 hours in service of others is reasonable and consistent with what he does as a matter of course. His background and interests propel him to continue assisting the elderly community as well as those in need

of computer technical skill enhancements. If approved by the Court, Mr. Aguilera would welcome the opportunity to continue his service. He is also amenable to any community service obligation deemed appropriate by this Court or U.S. Probation.

## VI. FULL PAYMENT OF THE FORFEITURE JUDGMENT HAS BEEN MADE

Mr. Aguilera made full payment of his forfeiture obligation.

## VII. CONCLUSION

The requested sentence of probation, community service, and work authorization is appropriate, reasonable, and sufficient, but not more than necessary, to meet the goals of §3553(a).

Respectfully submitted,

*s/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3105
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com

## CERTIFICATE OF SERVICE

I CERTIFY on August 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**